IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOM SOMERS, JR., | ) |
|             Plaintiff, | ) |
| v. | ) C.A. No. 25-561 (MN) |
| DELAWARE STATE POLICE, LEONARD DEMALTO, DELAWARE DEPARTMENT OF PROBATION AND PAROLE, and ANDREW HIBBITT, | ) |
|             Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington, this 24th day of February 2026

On May 7, 2025, Plaintiff commenced this action pro se by filing a Complaint for Violation of Civil Rights against Defendants Delaware State Police ("DSP"), Sargeant DeMalto (sued in his individual and official capacities) ("Sgt. DeMalto"), Delaware Probation and Parole ("DPP") and Andrew Hibbitt (probation officer, sued in his individual and official capacities) ("Officer Hibbitt") (collectively, "Defendants"). The Complaint alleges claims for violations of Plaintiff's Fourth, Fifth and Fourteenth Amendment rights, spoliation of evidence and obstruction of justice arising out of an incident on March 19, 2025. (D.I. 2). Presently before the Court is Defendants' Motion to Dismiss filed pursuant to Rules 12(b)(6) and 12(b)(5) of the Federal Rules of Civil Procedure. (D.I. 17). Plaintiff has filed an answering brief in opposition. (D.I. 18). Defendants did not reply.

      A.    **Sovereign Immunity**

Defendants' motion seeks dismissal of DSP and DPP and, to the extent Sgt. DeMalto and Officer Hibbitt are sued in their official capacities, based on sovereign immunity. In his answering

brief, Plaintiff acknowledges that Defendants are correct in their assertion that DSP and DPP and Sgt. DeMalto and Officer Hibbitt's official-capacity claims are subject to Eleventh Amendment protection. (D.I. 18 at 11-12). Therefore, DSP and DPP will be DISMISSED from this action with prejudice and the official capacity claims against Sgt. DeMalto and Officer Hibbitt will also DISMISSED with prejudice.[1]

      **B.**    **Service**

Defendants move to dismiss based on failure to serve Defendants in compliance with 10 Del. C. § 3103(c) in addition to Rule 4. (D.I. 17 at 8). Having dismissed DSP, DPP and the claims against Sgt. DeMalto and Officer Hibbitt in their official capacities, the Court addresses this argument as to the claims against Sgt. DeMalto and Officer Hibbitt in their individual capacities. Rule 4(e) states:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

---

[1] In his Complaint, Plaintiff does not seek injunctive relief against Sgt. DeMalto and Officer Hibbett in their official capacities.

Fed. R. Civ. P. 4(e). The Rule plainly allows for service either by following state law or by complying with any of the requirements of Rule 4(e)(2).[2] Plaintiff has represented that he served authorized agents for Sgt. DeMalto and Officer Hibbitt (in compliance with Rule 4(e)(2)) and Defendants do not dispute that. (D.I. 11, 12). Therefore, the portion of Defendant's motion to dismiss for inadequate service will be DENIED.

### C. Fifth Amendment Claims

To the extent that Plaintiff attempts to assert a Fifth Amended due process claim, that claim only "protects against federal governmental action and does not limit the actions of state officials." *Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (dismissing plaintiff's Fifth Amendment claims against a municipality because "the [c]omplaint improperly alleges due process violations of the Fifth Amendment [when] [t]hat Amendment applies to actions taken by the federal government"). Therefore, Plaintiff's Fifth Amendment claim based on due process will be dismissed with prejudice.

To the extent that Plaintiff alleges violation of his right against self-incrimination, the Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." *Chavez v. Martinez*, 538 U.S. 760, 766, 123 S. Ct. 1994, 2000 (2003) (citations omitted). Police questioning does not constitute a criminal case and does not give rise to a violation of the Fifth Amendment. Therefore, Plaintiff's Fifth Amendment claim based on self-incrimination will be dismissed with prejudice.

---

[2] The Court does not agree with Defendants assertion that *Berk v. Choy*, No. 24-440, 2026 WL 135974 (U.S. Jan. 20, 2026) does not "extend to the service requirement under 10 Del. C. § 3103 because there exists no conflict between the statute's service requirements." (D.I. 23 at 1). The State's position is that Defendant must be served based on the state service requirement, but Rule 4(e) is written in the disjunctive, meaning that complying with state law is sufficient but not required.

### D. Fourteenth Amendment Claim

To the extent that Plaintiff asserts he was denied due process under the Fourteenth Amendment, "[t]he right of access to the courts . . . founded in the [Fourteenth Amendment] Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974). "[O]nly prefiling conduct that either prevents a plaintiff from filing suit or renders the plaintiff's access to the court ineffective or meaningless constitutes a constitutional violation." *Smith v. Marasco*, 318 F.3d 497, 511 (3d Cir. 2003) (citation omitted). Here, Plaintiff has not demonstrated that Defendants actions prevented him from filing suit when Plaintiff has filed this instant action. Nor has Plaintiff established that access to this Court would be ineffective or meaningless when this instant action was filed less than two months after the alleged wrongdoing, which is well within the statute of limitations. Plaintiff's allegations of spoliation are conclusory and without factual basis. Therefore, Plaintiff's Fourteenth Amendment claim based on access to courts claim will be dismissed.

### E. Fourth Amendment Claim

Defendants do not specifically address the merits of Plaintiff's Fourth Amendment claim in their motion to dismiss and these claims will remain in the case as to Sgt. DeMalto and Officer Hibbitt in their individual capacities.

THEREFORE, IT IS HEREBY ORDERED that Defendants' motion to dismiss (D.I. 17) is **GRANTED.**

1. The Delaware State Police and Delaware Department of Probation and Parole are **DISMISSED** with prejudice as parties to this action due to sovereign immunity.

    2.    Plaintiff's claims seeking relief from Sgt. DeMalto and Officer Hibbitt, acting in their official capacities are **DISMISSED** with prejudice on this same basis.

    3.    Plaintiff's claims seeking relief for violation of the Fifth Amendment are **DISMISSED** with prejudice.

    4.    Plaintiff's Fourteenth Amendment procedural due process claim is **DISMISSED** without prejudice. It is unclear to the Court that Plaintiff can amend the Complaint to assert a valid claim, but the Court will err on the side of caution and leave open the possibility of amendment. Any such amendment shall be filed on or before March 31, 2026.

    5.    Absent amendment, the case will move forward on only the remaining Fourth Amendment claims.

*/s/ Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge